**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: REALE, JOHN M. § Case No. 12-01099
§
§
Debtor(s) §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on January 13, 2012. The undersigned trustee was appointed on January 13, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $         33,517.12

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 267.93 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]   $ | 33,249.19 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was  /  /  and the deadline for filing governmental claims was 07/11/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $4,101.71. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $4,101.71, for a total compensation of $4,101.71.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $26.62, for total expenses of $26.62.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/28/2012          By: /s/CHARLES J. MYLER
                                  Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 12-01099
**Case Name:** REALE, JOHN M.

**Trustee:** (330510) CHARLES J. MYLER
**Filed (f) or Converted (c):** 01/13/12 (f)
**§341(a) Meeting Date:** 02/27/12

**Period Ending:** 08/28/12

**Claims Bar Date:**

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|
| 1 Residence at 3826 Grand View Court, St. Charles.<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 450,000.00 | 0.00 | DA | 0.00 | FA |
| 2 Checking Account Location: ING Direct<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 651.00 | 0.00 | DA | 0.00 | FA |
| 3 Checking Account Location: Charles Schwab<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 1,300.00 | 0.00 | DA | 0.00 | FA |
| 4 Checking Account Location: PNC Bank<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 500.00 | 0.00 | DA | 0.00 | FA |
| 5 Basic Houshold Goods Location: In debtor's posse<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 2,500.00 | 2,500.00 | DA | 0.00 | FA |
| 6 Basic Wearing Apparel Location: In debtor's poss<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 7 Costume Jewelry Location: In debtor's possession<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 100.00 | 0.00 | DA | 0.00 | FA |
| 8 529 College Saving Plan Location: In debtor's po<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 85,000.00 | 85,000.00 | DA | 0.00 | FA |
| 9 401 (k) Plan Location: In debtor's possession<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 309,599.00 | 0.00 | DA | 0.00 | FA |
| 10 IRA Location: Charles Schwab<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 28,204.00 | 0.00 | DA | 0.00 | FA |
| 11 Interest in 302 LLC Location: In debtor's posses<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 0.00 | 0.00 | DA | 0.00 | FA |
| 12 USG Stock Options Location: In debtor's possessi | 18,000.00 | 18,000.00 | | 31,017.12 | FA |

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 12-01099  
**Case Name:** REALE, JOHN M.

**Period Ending:** 08/28/12

**Trustee:**   (330510)   CHARLES J. MYLER  
**Filed (f) or Converted (c):** 01/13/12 (f)  
**§341(a) Meeting Date:** 02/27/12  
**Claims Bar Date:**

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) | | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| Ref. # | | | | | | |
| | Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 13 | 2002 SAAB 923 Location: In debtor's possession  Orig. Asset Memo: Imported from original petition Doc# 1 | 2,500.00 | 951.00 | | 0.00 | FA |
| 14 | 2011 Kia Sorento. Good condition. Location: In d  Orig. Asset Memo: Imported from original petition Doc# 1 | 15,000.00 | 2,845.00 | DA | 0.00 | FA |
| 15 | 2009 Yamaha motorcycle  (u) | 0.00 | 2,400.00 | | 2,500.00 | FA |
| **15** | **Assets    Totals** (Excluding unknown values) | **$914,354.00** | **$111,696.00** | | **$33,517.12** | **$0.00** |

**Major Activities Affecting Case Closing:**

Trustee has received payment for stock options and has sold motorcycle; will file final report

**Initial Projected Date Of Final Report (TFR):**    December 31, 2012        **Current Projected Date Of Final Report (TFR):**    September 30, 2012

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 12-01099  
**Case Name:** REALE, JOHN M.

**Taxpayer ID #:** **-***1841  
**Period Ending:** 08/28/12

**Trustee:** CHARLES J. MYLER (330510)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-******42-65 - Checking Account  
**Blanket Bond:** $5,000,000.00   (per case limit)  
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 03/29/12 | {12} | Morgan Stanley Smith Barney | Sale of stock options | 1129-000 | 31,017.12 | | 31,017.12 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 55.08 | 30,962.04 |
| 05/04/12 | {15} | John M. Reale | Debtor's purchase of estate's interest in motorcycle | 1229-000 | 2,500.00 | | 33,462.04 |
| 05/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 73.89 | 33,388.15 |
| 06/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 66.13 | 33,322.02 |
| 07/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 72.83 | 33,249.19 |

|  |  |  |
|---|---|---|
| **ACCOUNT TOTALS** | 33,517.12 | 267.93  $33,249.19 |
| Less: Bank Transfers | 0.00 | 0.00 |
| **Subtotal** | 33,517.12 | 267.93 |
| Less: Payments to Debtors | | 0.00 |
| **NET Receipts / Disbursements** | **$33,517.12** | **$267.93** |

Net Receipts : 33,517.12  
Net Estate : $33,517.12

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-******42-65 | 33,517.12 | 267.93 | 33,249.19 |
|  | $33,517.12 | $267.93 | $33,249.19 |

{} Asset reference(s)

Printed: 08/28/2012 02:47 PM    V.13.03

# Claims Proposed Distribution

## Case:  12-01099    REALE, JOHN M.

**Case Balance:** $33,249.19     **Total Proposed Payment:** $33,249.19     **Remaining Balance:** $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| NOTFILED | Kia Motor Finance | Secured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 33,249.19 |
| NOTFILED | PNC Bank | Secured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 33,249.19 |
| NOTFILED | PNC Bank | Secured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 33,249.19 |
|  | CHARLES J. MYLER <2100-00 Trustee Compensation> | Admin Ch. 7 | 4,101.71 | 4,101.71 | 0.00 | 4,101.71 | 4,101.71 | 29,147.48 |
|  | Charles J. Myler <2200-00 Trustee Expenses> | Admin Ch. 7 | 26.62 | 26.62 | 0.00 | 26.62 | 26.62 | 29,120.86 |
|  | Myler, Ruddy & McTavish <3110-00 Attorney for Trustee Fees (Trustee Firm)> | Admin Ch. 7 | 3,428.75 | 3,428.75 | 0.00 | 3,428.75 | 3,428.75 | 25,692.11 |
| 1P-2 | Internal Revenue Service | Priority | 11,493.10 | 11,493.10 | 0.00 | 11,493.10 | 11,493.10 | 14,199.01 |
| 6P | Illinois Department of Revenue | Priority | 7,578.00 | 7,578.00 | 0.00 | 7,578.00 | 7,578.00 | 6,621.01 |
| 1U-2 | Internal Revenue Service | Unsecured | 2,492.01 | 2,492.01 | 0.00 | 2,492.01 | 4.40 | 6,616.61 |
| 2 | FIA CARD SERVICES, N.A. | Unsecured | 63,616.41 | 63,616.41 | 0.00 | 63,616.41 | 112.34 | 6,504.27 |
| 3 -2 | BMO Harris Bank NA as assignee of the FDIC as | Unsecured | 3,677,255.19 | 3,677,255.19 | 0.00 | 3,677,255.19 | 6,493.78 | 10.49 |
| 4 | Credit First National Association | Unsecured | 200.00 | 200.00 | 0.00 | 200.00 | 0.35 | 10.14 |
| 5 | American Express Bank, FSB | Unsecured | 4,552.44 | 4,552.44 | 0.00 | 4,552.44 | 8.04 | 2.10 |
| 6U | Illinois Department of Revenue | Unsecured | 909.36 | 909.36 | 0.00 | 909.36 | 1.61 | 0.49 |
| 7 | PYOD, LLC its successors and | Unsecured | 278.55 | 278.55 | 0.00 | 278.55 | 0.49 | 0.00 |
| NOTFILED | Bank of America | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Chase | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Chase Quicken | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Credit First | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| NOTFILED | Home Depot | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

# Claims Proposed Distribution

### Case:  12-01099    REALE, JOHN M.

| **Case Balance:** | $33,249.19 | **Total Proposed Payment:** | $33,249.19 | | **Remaining Balance:** | | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | **Total for Case 12-01099 :** | | **$3,775,932.14** | **$3,775,932.14** | **$0.00** | **$3,775,932.14** | **$33,249.19** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $7,557.08 | $7,557.08 | $0.00 | $7,557.08 | 100.000000% |
| **Total Priority Claims :** | $19,071.10 | $19,071.10 | $0.00 | $19,071.10 | 100.000000% |
| **Total Secured Claims :** | $0.00 | $0.00 | $0.00 | $0.00 | 0.000000% |
| **Total Unsecured Claims :** | $3,749,303.96 | $3,749,303.96 | $0.00 | $6,621.01 | 0.176593% |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-01099
Case Name: REALE, JOHN M.
Trustee Name: CHARLES J. MYLER

**Balance on hand:** $ 33,249.19

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 33,249.19

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - CHARLES J. MYLER | 4,101.71 | 0.00 | 4,101.71 |
| Trustee, Expenses - Charles J. Myler | 26.62 | 0.00 | 26.62 |
| Attorney for Trustee, Fees - Myler, Ruddy & McTavish | 3,428.75 | 0.00 | 3,428.75 |

Total to be paid for chapter 7 administration expenses: $ 7,557.08
Remaining balance: $ 25,692.11

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 25,692.11

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $19,071.10 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P-2 | Internal Revenue Service | 11,493.10 | 0.00 | 11,493.10 |
| 6P | Illinois Department of Revenue | 7,578.00 | 0.00 | 7,578.00 |

**UST Form 101-7-TFR (05/1/2011)**

|  | Total to be paid for priority claims: | $ | 19,071.10 |
|---|---|---|---|
|  | Remaining balance: | $ | 6,621.01 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,749,303.96 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U-2 | Internal Revenue Service | 2,492.01 | 0.00 | 4.40 |
| 2 | FIA CARD SERVICES, N.A. | 63,616.41 | 0.00 | 112.34 |
| 3 -2 | BMO Harris Bank NA as assignee of the FDIC as | 3,677,255.19 | 0.00 | 6,493.78 |
| 4 | Credit First National Association | 200.00 | 0.00 | 0.35 |
| 5 | American Express Bank, FSB | 4,552.44 | 0.00 | 8.04 |
| 6U | Illinois Department of Revenue | 909.36 | 0.00 | 1.61 |
| 7 | PYOD, LLC its successors and | 278.55 | 0.00 | 0.49 |

|  | Total to be paid for timely general unsecured claims: | $ | 6,621.01 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None |  |  |  |  |

|  | Total to be paid for tardy general unsecured claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: **$** 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**